IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES NEWTON,

     Plaintiff,

v.                           CASE NO. 5:15-cv-213-MP-GRJ

DR. ORTIZ,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections at Northwest Florida Reception Center, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order.  The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e).   Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history.  Plaintiff denied filing any prior cases in state or federal court dealing with the same or similar facts/issues involved in this action, or relating to the conditions of Plaintiff's confinement.  Doc. 1 at 3-4.

The Court takes judicial notice that at the time that the complaint was executed on August 12, 2015 (*see* Doc. 1), Plaintiff had filed at least nine other federal civil rights

cases in this Court.[1]   Plaintiff wholly failed to identify these cases in the instant Complaint and affirmatively denied that other cases had been filed.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"   *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural

---

[1]*Newton v. Crutchfield*, Case No. 5:15-cv-132-MP-GRJ (filed 6/9/2015); *Newton v. Delgado*, Case No. 5:15-cv-45-RS-GRJ (filed 2/23/15); *Newton v. Lang*, Case No. 5:15-cv-185-LC-GRJ (filed July 28, 2015), *Newton v. Kane*, Case No. 5:15-cv-186-MP-GRJ (filed July 28, 2015); *Newton v. Pardon*, No. 5:15cv191/LAC/CJK, Complaint, N.D. Fla. July 29, 2015); *Newton v. Griffes*, No. 5:15cv189/MMP/EMT, Complaint (N.D. Fla. July 28, 2015); *Newton v. Luckies*, No. 5:15cv188/LAC/CJK, Complaint (N.D. Fla. July 28, 2015); *Newton v. Gay*, No. 5:15cv187/LC/EMT, (Complaint (N.D. Fla. July 28, 2015); *Newton v. Register*, No. 5:15cv212/LAC/GRJ, Complaint (N.D. Fla. Aug. 12, 2015).

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Further, the allegations of the instant complaint plainly fail to state a claim upon which relief may be granted.  Although Plaintiff states that the sole named defendant, Dr. Ortiz, a physician at NWFRC, has made sexual advances toward him, his allegations consist primarily of a rambling narrative describing his attraction to Dr. Ortiz.

Doc. 1.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff does not allege that Dr. Ortiz' conduct deprived him of any federal right; instead he alleges only a violation of prison regulations.  A defendant's violation of a prison rule does not, of itself, rise to the level of a constitutional violation.

Liberally construing Plaintiff's allegations as asserting an Eighth Amendment challenge to Dr. Ortiz' alleged conduct, his allegations fail to state a plausible claim for relief.  At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  *Rhodes v. Chapman*, 452 U.S. 337, 347(1981); *see also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1571–72 (11th Cir. 1985.  Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional."  *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions.  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

First, under the "objective component," a prisoner must prove that the
condition he complains of is sufficiently serious to violate the Eighth
Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The challenged
condition must be "extreme." *Id.* at 9. While an inmate "need not await a
tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25
(1993), he must at the very least show that a condition of his confinement
"pose[s] an unreasonable risk of serious damage to his future health" or
safety, *id.* at 35.

*Chandler*, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component:"

[T]he prisoner must show that the defendant prison officials "acted with a
sufficiently culpable state of mind" with regard to the condition at issue.
*Hudson*, 503 U.S. at 8 (quotation marks and citation omitted). The proper
standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294,
303 (1991). Negligence does not suffice to satisfy this standard, *id.* at
305, but a prisoner need not show that the prison official acted with "the
very purpose of causing harm or with knowledge that harm [would] result,"
*Farmer v. Brennan*, 511 U.S. 825, 835 (1994). In defining the deliberate
indifference standard, the *Farmer* Court stated: [A] prison official cannot
be found liable under the Eighth Amendment for denying an inmate
humane conditions of confinement unless the official knows of and
disregards an excessive risk to inmate health or safety; the official must
both be aware of facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must also draw the
inference. *Id.* at 837.

*Chandler*, 379 F.3d at 1289–90.

The Eleventh Circuit, joining other circuits, has recognized that severe or

repetitive sexual abuse of a prisoner by a prison official can violate the Eighth

Amendment. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also Giron*

*v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) (same); *Freitas v. Ault*, 109

F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860–61 (2d Cir.

1997). "[S]exual abuse of a prisoner by a corrections officer has no legitimate

penological purpose, and is simply not part of the penalty that criminal offenders pay for

their offenses against society." *Boddie*, 105 F.3d at 861 (citation and quotation omitted).  However, under Eleventh Circuit precedent concerning the nature of injuries actionable under the Eighth Amendment, the injury must be objectively, sufficiently serious, i.e., more than *de minimis*.  *See Boxer*, 437 F.3d at 1111; *see also Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir.2002).

Here, Plaintiff's allegations that Dr. Ortiz propositioned him and attempted to kiss him plainly do not satisfy the Eighth Amendment standard, especially since he apparently does not find her conduct offensive, let alone injurious.[3]  *See, e.g.*, *Boxer X*, 437 F.3d at 1111 (female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not present more than de minimis injury, and therefore did not give rise to a claim under the Eighth Amendment); *see also, e.g.*, *Moton v. Walker*, 545 F. App'x 856, 860 (11th Cir. 2013) (unpublished) (even if defendant prison guard lacked a legitimate penological purpose in conducting a strip search of plaintiff inmate, and guard's alleged smile revealed a "subjectively culpable state of mind," there was no evidence that inmate suffered any injury that was objectively more than de minimis) (citing *Boxer X*, 437 F.3d at 1111); *Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (inmate's allegations that

---

[3] Notably, Plaintiff has made nearly identical allegations against other female staff members at NWFRC.  *See Newton v. Register*, No. 5:15cv212/MMP/GRJ, Complaint (N.D. Fla. Aug. 14, 2015); *Newton v. Pardon*, No. 5:15cv191/LAC/CJK, Complaint, N.D. Fla. July 29, 2015); *Newton v. Griffes*, No. 5:15cv189/MMP/EMT, Complaint (N.D. Fla. July 28, 2015); *Newton v. Luckies*, No. 5:15cv188/LAC/CJK, Complaint (N.D. Fla. July 28, 2015); *Newton v. Lang*, No. 5:15cv185/LC/GRJ, Complaint (N.D. Fla. July 15, 2015); *Newton v. Kane*, No. 5:15cv186/MMP/GRJ, Complaint (N.D. Fla. July 28, 2015); *Newton v. Gay*, No. 5:15cv187/LC/EMT, (Complaint (N.D. Fla. July 28, 2015).

he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching were *de minimis* injuries which did not rise to the level of constitutional harms, and although officer's conduct was inappropriate and vulgar, it was not repugnant to humanity's conscience); *Jackson v. Madery*, 158 F. App'x 656, 661–62 (6th Cir. 2005) (unpublished) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); *Joseph v. U. S. Fed. Bureau of Prisons*, 232 F.3d 901, 2000 WL 1532783, at *1–2 (10th Cir. 2000) (unpublished) (no Eighth Amendment violation stated where plaintiff alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"); *Boddie*, 105 F.3d at 861 (a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); *Jones v. Culinary Manager II*, 30 F. Supp. 2d 491, 493, 497–98 (E.D. Pa. 1998)  (allegation that guard pinned plaintiff to box, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to be an Eighth Amendment violation); *Bonner v. Hall*, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (unpublished) (allegations that correctional officer asked to see inmate's penis, followed by the officer's licking his lips, does not indicate anything more than a de minimis injury and thus fails to state a constitutional claim), *Report and Recommendation Adopted by* 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012) (unpublished); *Allen v. McDonough*, No. 4:07cv469/RH/GRJ, 2011 WL 4102525, at *5–6 (N.D. Fla. Aug. 17, 2011) (unpublished) (officer's making sexual comments and gesture to inmate during inmate's shower did

not rise to the level of an Eighth Amendment violation), *Report and Recommendation Adopted by* 2011 WL 14103081 (N.D. Fla. Sept. 14, 2011) (unpublished); *Robinson v. Davis*, 2009 WL 153162, at *13 (N.D. Fla. Jan. 22, 2009) (unpublished) (defendant officer's one-time touching of inmate's rear, even when combined with a threat of sexual battery, was not objectively harmful enough to establish an Eighth Amendment violation).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to Plaintiff, do not establish a constitutional violation; therefore, the court may dismiss this case without providing opportunity for amendment.  Moreover, dismissal without opportunity to amend is appropriate in light of Plaintiff's abuse of the judicial process.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for abuse of the judicial process and for failure to state a claim upon which

relief may be granted.  The dismissal should be without prejudice but the dismissal should operate as a "strike" pursuant to  28 U.S.C. § 1915(g).

**IN CHAMBERS** this 31st day of August 2015.

_s/ Gary R. Jones_
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  _See_ 11th Cir. Rule 3-1; 28 U.S.C. § 636.**